Gary A. Hecker, Esq. (State Bar No. 099008)
James M. Slominski, Esq. (State Bar No. 166357)
**THE HECKER LAW GROUP, PLC**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:   (310) 286-0377
Facsimile:    (310) 286-0488
Email:          ghecker@hh.com
                    jslominski@hh.com

Attorneys for Plaintiff
Network Video Technologies, Inc.

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK VIDEO TECHNOLOGIES, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NITEK INTERNATIONAL, LLC; and DOES 1-10,<br><br>　　　　　　　　　Defendants. | Civil Action No. CV-07-4789 AHM (RZx)<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, INVALIDITY AND UNEFORCEABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff, NETWORK VIDEO TECHNOLOGIES, INC., by and through its undersigned counsel, brings this action against Defendants NITEK INTERNATIONAL, LLC and DOES 1-10 and complains upon information and belief alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of United States Patent No. 7,193,149.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 2201 et. seq. and 28 U.S.C. §1338(a) et. seq.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## THE PARTIES

4. Plaintiff, NETWORK VIDEO TECHNOLOGIES, INC. ("NVT"), is a California Corporation in good standing with its principal place of business at 4005 Bohannon Drive, Menlo Park, California.

5. Defendant, NITEK INTERNATIONAL, LLC ("NITEK"), is an Illinois limited liability with its principal office at 5410 Newport Drive, Ste. 24, Rolling Meadow, Illinois, doing business in the County of Los Angeles, State of California.

6. Defendants DOES 1-10 are currently unknown to Plaintiff. Plaintiff will amend this Complaint to assert their true names and capacities when ascertained.

7. Defendants, and each of them, are, and at all terms herein were, the alter ego, principal, agent, employee, employer, partner, joint venturer, and/or otherwise affiliated with one another so as to be liable in such capacity for the acts and injuries alleged herein.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

8. Plaintiff incorporates by reference paragraphs 1-7 as though fully set forth herein.

9. Defendant NITEK asserts that it is the assignee and owner of United States Patent No. 7,193,149 entitled "System Handling Video, Control Signals and Power" (the '149 Patent). The '149 Patent issued on March 20, 2007.

10. Plaintiff is a manufacturer and supplier of products, including video systems.

2

11. Defendants intend to assert their rights under the '149 Patent against Plaintiff, and others, to preclude Plaintiff, and others, from manufacturing and selling their products, including video systems.

12. Plaintiff denies infringement of the '149 Patent and asserts it has the right to manufacturer and sell its products.

13. Plaintiff further asserts the '149 Patent is invalid under Title 35 of the United States Code.

14. Plaintiff further asserts that the '149 Patent is unenforceable due to inequitable conduct by the applicants and/or their representatives and/or agents during the prosecution of the application for the '149 Patent. That inequitable conduct includes making knowingly false statements about prior art to obtain allowance of the '149 Patent claims. Specifically, false statements were included in, at least, ¶¶ 7 and 8 of the Declaration of William C. Curran ("Curran Declaration") dated November 30, 2006 and on pages 11 and 12 in the Remarks section of the papers submitted to the Patent Office with the Curran Declaration.

15. As a result of the foregoing, and in light of all the relevant circumstances, there is an immediate, real, and substantial controversy between Plaintiff and Defendants as to Defendants' rights under the '149 Patent, and as to the validity, enforceability, and scope of the '149 Patent, and as to whether any of Plaintiff's products infringe any valid claims of the '149 Patent.

[continued on the next page]

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff asks this Court to:

a. Enter judgment for Plaintiff that the '149 Patent is invalid and/or unenforceable;

b. Enter judgment for Plaintiff of non-infringement;

c. Award Plaintiff its reasonable attorneys' fees and costs; and

d. Award Plaintiff such other and further relief as is just and proper.

DATED: November /, 2007

Respectfully submitted,

**THE HECKER LAW GROUP, PLC**

By: _____
Gary A. Hecker, Esq.
James M. Slominski, Esq.

Attorneys for Plaintiff
Network Video Technologies, Inc.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38, Plaintiff hereby demands a trial by jury.

DATED: November /, 2007

Respectfully submitted,

**THE HECKER LAW GROUP, PLC**

By: _____
Gary A. Hecker, Esq.
James M. Slominski, Esq.

Attorneys for Plaintiff
Network Video Technologies, Inc.